ERIC GOLDBERG (157544)
Eric.goldberg@dlapiper.com
**DLA PIPER LLP (US)**
2000 AVENUE OF THE STARS
SUITE 400 NORTH TOWER
LOS ANGELES, CA 90067-4704
Tel:  310.595.3000
Fax:  310.595.3300

COUNSEL TO KESHIF VENTURES, LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALFORNIA

| | |
|---|---|
| In re<br><br>POSIBA, INC.,<br><br>　　　　Debtor. | Case No.  16-07714-MM11<br><br>**OBJECTION OF KESHIF VENTURES, LLC TO DEBTOR'S EMERGENCY MOTION TO PAY PREPETITION PAYROLL**<br><br>Date:　　　JANUARY 9, 2017<br>Time:　　　9:30 A.M.<br>Dept:　　　325 WEST F STREET |

**Introduction**

Keshif Ventures, LLC ("Keshif"), the largest investor in, and the largest secured creditor of, debtor Posiba, Inc. ("Debtor"), objects to the Emergency First Day Motion By Debtor For An Order Authorizing Debtor To Pay Pre-Petition Non-Insider Payroll ("Motion").  Pursuant to the Motion, the Debtor seeks Court authority to pay prepetition payroll of more than $700,000, with money it does not have, using a supposed DIP facility that has not been approved, to "retain" employees that are no longer employed, all so that the Debtor can "continue" operations that ceased prior to the Petition Date. The Motion is without merit, and should be denied.

**Argument**

<u>First</u>, there is no emergency. While the Debtor contends that it needs relief on an emergency basis, the fact is that even if the Court were to grant the Motion, the Debtor has no funds with which to pay post-petition wages, let alone the six months of pre-petition wages it asks the Court to approve. The Debtor alleges in the Motion that it has "obtained $500,000 in unsecured Debtor-In-Possession (DIP) financing in the ordinary course of business," but there is no evidence of any such financing.

Even if there were such financing, the Debtor would not be able to draw on it unless, and until, the Court were to approve such financing after notice and a hearing, which has yet to occur. The Debtor seems to take the position that no Court approval is required because this supposed DIP loan is unsecured, and "in the ordinary course of business," in apparent reference to Bankruptcy Code section 364(a). But Section 364(a) applies to trade credit, not to DIP financing; a DIP loan, to be used to pay over $700,000 in pre-petition wages, is most certainly not "in the ordinary course of business."

The applicable section of the Bankruptcy Code for an unsecured DIP loan is Section 364(b), which requires notice and a hearing. Here, where no such DIP loan has even been presented to the Court, let alone approved, the Motion is preliminary at best. At a minimum, where the Debtor lacks the funds to pay the requested amounts, as is the case here, there is no emergency to justify granting any relief on shortened notice, and the Motion should be denied on that basis alone.

<u>Second</u>, even if the Debtor had funding, it has no ongoing operations to preserve. In the Motion, the Debtor alleges that payment of the prepetition wages is necessary because "the Debtor needs its employees to continue its ongoing operations." Motion, p.2. But the Debtor here has no continuing operations; prior to the Petition Date, after failing to pay its employees, insurance, taxes and other operating costs for months, the Debtor laid off substantially all of its employees, and ceased operations. Accordingly, there are no operations to "continue," and there is no reason to pay $700,000 in prepetition claims to "continue" them.

<u>Third</u>, even if the Debtor had funding, and even if it had ongoing operations, it has failed show why it should be permitted to incur administrative debt to pay prepetition claims. The Court knows that allowing a debtor to pay prepetition claims outside of a plan of reorganization is extraordinary relief. In the rare case where this is approved, the relief is limited to those instances where the payment is absolutely necessary to preserve the value of an ongoing business when a real reorganization is in progress.

Here, none of those factors is present. As discussed above, the Debtor has no ongoing business, the employees were previously laid off, and there is no source of funds to pay future operations, let alone to pay prepetition claims. While the Debtor contends in the Motion that it filed bankruptcy to "preserve going concern value," and that its "plan will provide full payment to all creditors," the record shows that the Debtor filed no first day motions, and has not even been able to file its Schedules on time.

Further, the Debtor's proffered rationales for why it needs to pay prepetition payroll now, in order to conduct post-petition operations, simply make no sense. With regard to the employees in Vietnam, the Debtor maintains, with no evidence, that "because of the laws of Vietnam, none of the employees may even attempt to work so long as there are unpaid wages." Motion at 3. But if that were true, then how could the Debtor simultaneously have, as it contends it does, (a) continuing employees in Vietnam; and (b) unpaid back wages? And if the law in Vietnam forbids employees from working while back wages are unpaid, then how did the Debtor get so far behind that it now seeks Court authority to pay up to six months of back wages for some of these employees?

As to the U.S. employees, there is no evidence anywhere in the Motion that any of the ex-employees would refuse to come back to work unless they were paid their pre-petition wages. Similarly, there is no evidence that any of these employees are even willing to come back. Thus, the "doctrine of necessity," on which the Debtor relies for legal authority, is clearly not applicable.

In re POSIBA, INC.
Case No. 16-07714-MM11

The point here is not to argue that a reorganization should be conducted "on the backs" of the employees; that should never be the case. But the Debtor here has a history of not paying employees, which has resulted lawsuits, as well as IRS and EDD deficiencies and liens. Allowing the Debtor to re-hire employees now, without showing that it has the funding to pay them, not only gives these ex-employees false hope, but also exposes the estate to administrative liability when the Debtor, which generates no revenue, again fails to meet its obligations to employees, as it has in the past.

### Conclusion

For all the foregoing reasons, Keshif respectfully requests that the Court deny the Motion.

Dated: January 6, 2017

/s/ *Eric Goldberg*
ERIC GOLDBERG
DLA PIPER LLP (US)

Counsel to KESHIF VENTURES, LLC

-4-

In re POSIBA, INC.
Case No. 16-07714-MM11