Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
Andrew M. Greene, Esq., (SBN 167386)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone (858) 454-9887
Facsímile (858) 454-9596

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>POSIBA, INC., a Delaware Corporation,<br><br>Debtor. | Case No.: 16-07714-MM7<br><br>**STATUS REPORT REGARDING ELIZABETH DREICER'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**<br><br>Date:   August 15, 2019<br>Time:   2:00 p.m.<br>Dept:   One (1)<br>Honorable Margaret M. Mann |

Leslie T. Gladstone, the chapter 7 trustee (the "**Trustee**"), hereby submits her Status Report regarding Elizabeth Dreicer's ("**Dreicer**") Motion for Allowance and Payment of Administrative Expense Claim (the "**Motion**"), as requested by the Court on May 2, 2019. (ECF No. 582)[1]

The Trustee has completed the sale of the last remaining asset of the estate – the rights under the Debtor's Cyber Insurance Policy. These rights were sold at auction to the highest bidder, Certain Underwriters at Lloyd's, London, for a purchase price of $60,000.00.

---

[1] The Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for the above-captioned case and each of the pleadings and other documents on file in the case.

1

IN RE: POSIBA, INC.
CASE NO. 16-07714-MM7
STATUS REPORT REGARDING ELIZABETH DREICER'S MOTION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM

The estate is holding funds in the approximate amount of $119,000.00. There are pending fee applications and accrued but as yet unapproved chapter 7 administrative claims totaling approximately $68,000.00, leaving a balance after payment of chapter 7 administrative claims of approximately $50,000.00.

There is a secured tax lien filed by the Internal Revenue Service (the "**IRS**") of $188,357.27. However, Bankruptcy Code Section 724 allows the Court to subordinate the secured tax lien to the extent necessary to pay chapter 7 administrative claims, chapter 11 wage claims and pre-petition wage claims. Again, after chapter 7 administrative claims, there is a balance in the estate at this time of approximately $50,000.00.

The Trustee suggests that the $50,000.00 should be used to pay the pre-petition wage claims of Debtor pursuant to the provisions of 11 U.S.C. §724(b). By the Trustee's estimated calculation, there appear to be allowable pre-petition wage priority claims totaling approximately $93,000.00 (including $12,850.00 to Dreicer). The total allowed wage claims may be lower depending on whether two (2) claims previously tendered to insurance were in fact paid. Assuming no further chapter 7 administrative claims are incurred and no chapter 11 wage claims are allowed, each wage claimant would receive its pro rata share of the remaining funds in the estate based on the allowed priority claim.

The only other possible scenario under Section 724(b) is if Dreicer were allowed a chapter 11 administrative wage claim, which would take priority over the pre-petition wage claimants. However, this Court has previously tentatively ruled that Dreicer is not entitled to a chapter 11 wage claim, because, among other reasons, no salary was ever approved by the Court during the chapter 11. Also, Dreicer herself may even prefer to share the balance of the estate with her previous co-workers and thereby avoid further chapter 7 administrative expenses which would otherwise be involved in her chapter 11 claim determination.

No other chapter 11 administrative claims can be paid from the secured tax claim proceeds except chapter 11 wage claims per the clear language of 11 U.S.C. §724(b). Thus, no chapter 11 attorneys fees can be paid and no other components of Dreicer's alleged administrative claim would be appropriate for carve-out from the IRS tax lien. Section 724(b)(2) of the Bankruptcy Code

clearly provides that only wages, salaries or commissions can be paid and not any other expenses accrued during chapter 11.

Based on the foregoing, the Trustee contends that any chapter 11 administrative claim filed by Dreicer should be disallowed as moot given the IRS secured tax claim. The Trustee further contends that the chapter 11 wage portion of the Dreicer claim be disallowed based on the Court's prior Tentative Ruling of February 1, 2018. (ECF No. 443)

## **CONCLUSION**

The Trustee requests that the chapter 11 administrative claim of Dreicer be disallowed so that the Trustee may proceed with a pro rata distribution to the pre-petition wage claimants of any sums remaining after payment of chapter 7 administrative expenses.

FINANCIAL LAW GROUP

Dated: August 8, 2019            By:   /s/ Leslie T. Gladstone
                                       Leslie T. Gladstone, Esq.,
                                       Attorneys for Chapter 7 Trustee

# PROOF OF SERVICE

I, Candi Collins, hereby declare as follows:

I am employed in the City of La Jolla, County of San Diego, California. I am over the age of 18 years and not a party to the within action; and I am employed in the County of San Diego, California, within which county the subject mailing occurred. My business address is 401 Via Del Norte, La Jolla, California 92037. On **August 8, 2019**, I served a true and correct copy of the following document(s):

**STATUS REPORT REGARDING ELIZABETH DREICER'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

on the parties in this action as follows:

**X**     **by CM/ECF NOTICE OF ELECTRONIC FILING** by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic (NEF) and hyperlink, to the parties and/or counsel who are determined this date, **August 8, 2019**, to be registered CM/ECF Users set forth below as identified on the service list obtained from this Court on the Electronic Mail Notice list.

- Christin A. Batt     christinb@flgsd.com, sandray@flgsd.com; candic@flgsd.com; leslieg@flgsd.com; andrewg@flgsd.com **(Attorney for Chapter 7 Trustee)**
- Timothy Blackford     tim@behmerblackford.com, brian@behmerblackford.com **(Attorney for John Evey)**
- Steven K. Brumer     steven@frfamilylaw.com, r51654@notify.bestcase.com **(Attorney for Rebecca Ann Carrera)**
- Jeffrey D. Cawdrey     jcawdrey@gordonrees.com, jmydlandevans@gordonrees.com; sdurazo@gordonrees.com; spoteet@gordonrees.com **(Attorney for Scottsdale Insurance Company)**
- Shawn Christianson     schristianson@buchalter.com, cmcintire@buchalter.com **(Attorney for Oracle America, Inc.,)**
- Amir Gamliel     agamliel@perkinscoie.com, docketla@perkinscoie.com **(Attorney for Amazon Web Services)**
- Ryan Garchie     ryan@garchielaw.com, garchie@lbbslaw.com; jcannone@lbbslaw.com; bslome@lbbslaw.com **(Attorney for Elmira Khudieva)**
- Kit J. Gardner     kgardner@gardnerlegal.com **(Attorney for Kuity)**
- Leslie T. Gladstone     candic@flgsd.com; christinb@flgsd.com; sandray@flgsd.com; ltg@trustesolutions.net; andrewg@flgsd.com **(Chapter 7 Trustee)**
- Leslie T. Gladstone     leslieg@flgsd.com, candic@flgsd.com; sandray@flgsd.com; christinb@flgsd.com; andrewg@flgsd.com **(Attorney for Chapter 7 Trustee)**
- Eric D. Goldberg     eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com **(Attorney for Keshif Ventures, LLC)**
- Peter L. Isola     pisola@hinshawlaw.com, ckingsley@hinshawlaw.com **(Attorney for Certain Underwriters at Lloyd's, London)**
- Paul J Leeds     leedsp@higgslaw.com, lodoviceb@higgslaw.com; schroedterm@higgslaw.com **(Attorney for Posiba)**

- Kristin Mihelic    Kristin.T.Mihelic@usdoj.gov, tiffany.l.carroll@usdoj.gov, Elizabeth.c.amorosi@usdoj.gov **(Attorney for the United States Trustee)**
- Keith C. Owens    kowens@venable.com, DSSilverman@Venable.com; NAKoffroth@Venable.com; KKHoang@venable.com **(Former Attorney for Elizabeth Dreicer)**
- Maggie Schroedter    schroedterm@higgslaw.com, lodoviceb@higgslaw.com **(Attorney for Debtor)**
- John Smaha    jsmaha@smaha.com, gbravo@smaha.com; mdawson@smaha.com; jteague@smaha.com **(Former Attorney for Debtor)**
- William A. Smelko    bill.smelko@procopio.com, angela.stevens@procopio.com; calendaring@procopio.com **(Attorney for Wendy Gillespie, Trustee of the Capdevilla Family Trust Dated 06/26/96)**
- Susan C. Stevenson    sstevenson@psdslaw.com, bonniec@psdslaw.com  **(Attorney for Debtor)**
- United States Trustee    ustp.region15@usdoj.gov

All other interested parties in this action that are not a registered ECF User are served as follows:

**X     by U.S. FIRST CLASS MAIL SERVICE, POSTAGE PREPAID** by placing each document in a sealed, envelope with postage thereon fully prepaid, for collection and mailing at Financial Law Group, La Jolla, California, following ordinary business practices and addressed as set forth below. I am familiar with the practice of Financial Law Group for collection for U.S. mail, said practice being that in the ordinary course of business, correspondence is picked up at our office the same day as it is placed for collection.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

Elizabeth Dreicer
c/o Kuity Corp.
550 West B Street, Ste. 400
San Diego, CA 92101
***VIA FIRST CLASS MAIL***

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed **August 8, 2019**, at La Jolla, California.

/s/ Candi Collins
Candi Collins

5

IN RE: POSIBA, INC.
CASE NO. 16-07714-MM7
STATUS REPORT REGARDING ELIZABETH DREICER'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM